UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JUAN HUMBERTO                                         Case No. 17-CV-3324 (PJS/TNL)
CASTILLO-ALVAREZ,

                    Petitioner,
                                                             ORDER
v.

EDDIE MILES, MCF-Stillwater, and
LORI SWANSON, State Attorney
General,

                    Respondents.

On July 26, 2017, petitioner Juan Humberto Castillo-Alvarez filed a petition for a

writ of habeas corpus under 28 U.S.C. § 2254 and applied for leave to proceed *in forma*

*pauperis* ("IFP").  ECF Nos. 1-2.  In a Report and Recommendation ("R&R") dated

August 4, 2017, Magistrate Judge Tony N. Leung recommends dismissing Castillo's

petition for lack of jurisdiction and denying Castillo's IFP application.  ECF No. 4.  This

matter is before the Court on Castillo's objection to the R&R and on his motion for a

certificate of appealability.[1]  ECF Nos. 5-6.  The Court has conducted a de novo review.

*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Based on that review, the Court

---

[1]Castillo also filed an affidavit asking the Court to excuse the untimely filing of
his objection.  ECF No. 7.  Castillo's objection was timely, however, and the Court has
given it full consideration.

overrules Castillo's objection, adopts Judge Leung's R&R, and denies Castillo's motion

for a certificate of appealability.

As Judge Leung explains, the Court does not have jurisdiction to hear a "second

or successive" § 2254 petition unless the petitioner first obtains authorization from the

Eighth Circuit. 28 U.S.C. § 2244(b)(3)(A). Castillo's petition is plainly "second or

successive." *See Crawford v. Minnesota*, 698 F.3d 1086, 1089 (8th Cir. 2012) (habeas

petition is second or successive if the petitioner "rais[es] a claim in a subsequent

petition that he could have raised in his first") (quotation marks omitted). The Court

cannot identify any argument that was not already raised—or could not have been

raised—in Castillo's first petition, which Chief Judge John R. Tunheim denied in 2015.

*Compare* ECF No. 1, *with* Tunheim Order, *Castillo-Alvarez v. Smith*, No. 14-0542

(JRT/JSM) (Oct. 23, 2015), ECF No. 21 at 7 (outlining asserted grounds for relief).

Castillo argues that his petition is not "second or successive" because, he says,

his first petition was dismissed without prejudice for failure to exhaust state remedies.

Castillo is incorrect. Judge Tunheim dismissed Castillo's first petition *with* prejudice

after finding his claim based on the Extradition Treaty between the United States and

Mexico to be without merit and after finding his other claims to be procedurally

defaulted. As a result, Castillo's entire first petition is deemed to have been rejected on

the merits, and his subsequent petition is deemed to be "second or successive." *See*

*McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A prior petition that has been

dismissed without prejudice for failure to exhaust state remedies leaves open the

possibility for future litigation and has not, therefore, been adjudicated on the merits.

In contrast, the dismissal of a first petition with prejudice because of a procedural

default (and a failure to show cause and prejudice) forecloses the possibility that the

underlying claims will be addressed by a federal court.  Such a dismissal therefore

constitutes a disposition on the merits and renders a subsequent petition second or

successive for purposes of 28 U.S.C. § 2244(b).") (citations omitted); *Graham v. Costello*,

299 F.3d 129, 133 (2d Cir. 2002) ("[W]hen a first petition is dismissed without prejudice

for failure to exhaust state remedies, a subsequently filed petition is not 'second or

successive.' . . . Conversely, when a prior petition is denied because the claim raised is

procedurally defaulted (i.e., the petitioner failed to raise the claim on direct appeal and

has not made a showing of cause and prejudice for that failure), the denial is 'on the

merits,' rendering a subsequently filed petition 'second or successive.'") (citations

omitted).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

the Court OVERRULES defendant's objection [ECF No. 5] and ADOPTS the R&R

[ECF No. 4].  IT IS HEREBY ORDERED THAT:

1.      This action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2.      Defendant's application to proceed *in forma pauperis* [ECF No. 2] is

        DENIED.

3.      Defendant's motion for a certificate of appealability [ECF No. 6] is

        DENIED.  No certificate of appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: December 1, 2017                         s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge